UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSHUA PAGAN; JOCELYN MARTINEZ; X.P., by his parent and natural guardian Eli Pagan; and K.M., by her parent and natural guardian Henry Martinez;

                Plaintiffs,

- against -

THE CITY OF NEW YORK; CHRISTOPHER FRANCIS; ALEXANDRU ANGHEL; RAYMOND KWONG; JOHN DOE; and JANE and JOHN DOES 2 through 10;

                Defendants.
------------------------------------------------------------------X

No. 23-CV-5980

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, by their attorneys, The Fu Firm PLLC, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiffs seeks relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State and City of New York.

2.      As described below, Joshua Pagan and his family have been subjected to an ongoing campaign of harassment by NYPD officers assigned to the Marcy Houses public housing complex.

3.      As a result, Joshua Pagan was falsely arrested on January 16, 2023.

4.      As a result, Plaintiffs' residence was unlawfully searched and Joshua Pagan, X.P., and K.M. were falsely arrested on March 10, 2023.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. §§ 1983 and 1988.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

7. Supplemental jurisdiction exists over all state law claims that are related to the federal claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose within the confines of this judicial district.

9. On April 7, 2023, and within ninety (90) days after the claims herein accrued, Plaintiff Joshua Pagan served on the City of New York a timely Notice of Claim under New York General Municipal Law § 50-e regarding the January 16, 2023 incident.

10. On or about April 18, 2023, and within ninety (90) days after the claims herein accrued, all Plaintiffs served on the City of New York timely Notices of Claim under New York General Municipal Law § 50-e regarding the March 10, 2023 incident.

11. In compliance with General Municipal Law § 50-h, hearings regarding Plaintiffs' claims have been conducted.

12. At least thirty days have elapsed since the service of aforesaid notices of claim, and adjustment or payment thereof has been neglected or refused.

13. This action was commenced within one year and ninety days after the events alleged herein.

## THE PARTIES

14. Plaintiff Joshua Pagan is an individual residing in Brooklyn, New York.

15. Plaintiff Jocelyn Martinez is an individual residing in Brooklyn, New York.

16. Plaintiff X.P. is an infant, residing with his parent and natural guardian Eli Pagan in Brooklyn, New York.

17. Plaintiff K.M. is an infant, residing with her parent and natural guardian Henry Martinez in Brooklyn, New York.

18. Defendant the City of New York (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York. At all relevant times, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

19. Defendant Christopher Francis was at all relevant times a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

20. Defendant Alexandru Anghel was at all relevant times a Lieutenant employed by the NYPD, acting within the course of his employment and under color of state law.

21. Defendant Raymond Kwong was at all relevant times a Captain employed by the NYPD, acting within the course of his employment and under color of state law.

22. Upon information and belief, Defendant John Doe, whose name is currently unknown to Plaintiffs, was at all relevant times a Police Officer employed by the NYPD, acting under color of state law. John Doe was involved in the arrest of Plaintiff Joshua Pagan on January 16, 2023.

23. Upon information and belief, Defendant Jane and John Does 2 through 10, whose name are currently unknown to Plaintiffs, were Police Officers, detectives, or supervisors employed by the NYPD, acting under color of state law. These Defendants were involved in the March 10, 2023 incident.

## FACTUAL ALLEGATIONS

### The January 16, 2023 Arrest of Joshua Pagan

24. On January 16, 2023, Joshua Pagan was lawfully in the hallway outside of his apartment ("Plaintiffs' Residence") located inside 41 Nostrand Ave., Brooklyn, NY 11206. The building is a New York City Housing Authority apartment building and part of the Marcy Houses.

25. Defendants Francis, Alexandru, and John Doe approached Mr. Pagan and arrested him.

26. At the time of his arrest, Mr. Pagan had not committed any crime or offense.

27. Mr. Pagan was taken to an NYPD precinct.

28. Hours later, Plaintiff was released with two summonses.

29. One summons was subsequently dismissed by the criminal court as legally insufficient.

30. With regard to the other summons, the NYPD failed to file a legally acceptable accusatory instrument with the criminal court.

### The March 10, 2023 Incident

31. On March 10, 2023, X.P., a 16-year-old minor, was outside of 41 Nostrand Avenue when he heard gunshots.

32. Fearing for his safety, X.P. ran inside the building and Plaintiffs' Residence.

33. Plaintiffs Joshua Pagan, Jocelyn Martinez, and X.P.'s 15-year-old cousin, K.M., were already inside Plaintiffs' Residence.

34. A while later, NYPD officers, including Defendants Francis, Alexandru, Kwong, and Jane and John Does 2 through 10, arrived in the hallway outside of Plaintiffs' Residence.

35. Defendant Francis drew his gun and pointed it at the door.

36. The NYPD officers demanded that Plaintiffs open the door.

37. Minutes later, an NYPD Emergency Services Unit ("ESU") team also arrived in the hallway carrying shields, wearing body armor, and wielding rifles.

38. The ESU team threatened to break down the door.

39. Faced with this threat and fearing for the safety and lives of his family, Joshua Pagan opened the door.

40. The NYPD officers, including Defendant Francis, then handcuffed Joshua Pagan, X.P., and K.M.

41. NYPD officers, including Defendants Alexandru and Kwong, then went inside and searched Plaintiffs' Residence.

42. The NYPD officers did not have a warrant.

43. There were no exigent circumstances sufficient to justify the search of Plaintiffs' Residence.

44. None of the Plaintiffs had committed a crime or other offense.

45. In spite of the fact that none of them had committed a crime or other offense, Plaintiffs Joshua Pagan, X.P., and K.M. were then arrested and taken to an NYPD precinct.

46. Plaintiff Jocelyn Martinez was detained while the NYPD officers searched Plaintiffs' Residence.

47. Even though it was below forty degrees outside and Joshua Pagan was shirtless and wearing athletic shorts, Defendants refused to allow Mr. Pagan to put on additional clothing before taking him away from his home and to the precinct.

48. Hours later, Joshua Pagan, X.P., and K.M. were released without charges or explanation.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - False Arrest

### January 16, 2023 Incident

49. Plaintiffs repeat and reallege each and every allegation set forth above.

50. Acting individually and in concert, Defendants Francis, Anghel, and John Doe deprived Plaintiff Joshua Pagan of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, and to his liberty, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

51. These Defendants lacked probable cause to arrest Mr. Pagan.

52. Mr. Pagan was conscious of his confinement and did not consent to it.

53. These Defendants failed to intervene in each other's unlawful actions.

## SECOND CLAIM FOR RELIEF

### False Imprisonment

### January 16, 2023 Incident

54. Plaintiffs repeat and reallege each and every allegation set forth above.

55. Defendants Francis, Anghel, and John Doe are liable to Joshua Pagan for false imprisonment in violation of the common law of the State of New York.

56. The City is liable to Mr. Pagan for the conduct of its employees Francis, Anghel, and John Doe because they were acting within the scope of their employment during the incident on January 16, 2023.

## THIRD CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. - False Arrest

### January 16, 2023 Incident

57. Plaintiffs repeat and reallege each and every allegation set forth above.

58. Defendants Francis, Anghel, and John Doe are "covered individuals" as defined in N.Y.C. Admin. Code § 8-801.

59. Defendants violated Joshua Pagan's rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Mr. Pagan without any privilege to do so.

60. These Defendants lacked probable cause to arrest Mr. Pagan.

61. Plaintiff was conscious of his confinement and did not consent to it.

62. Defendants failed to intervene in each other's unlawful actions.

63. As the employer of Defendants Francis, Anghel, and John Doe, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - Unlawful Entry

### March 10, 2023 Incident

64. Plaintiffs repeat and reallege each and every allegation set forth above.

65. Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10 violated all Plaintiffs' rights under the Fourth and Fourteenth Amendments when they entered Plaintiffs'

home on March 10, 2023 without consent, a warrant, or any circumstances justifying warrantless entry.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - False Arrest

### March 10, 2023 Incident

66. Plaintiffs repeat and reallege each and every allegation set forth above.

67. Acting individually and in concert, Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10 deprived Plaintiff Joshua Pagan, X.P., and K.M of their rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, and to his liberty, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Mr. Pagan, X.P., and K.M. without any privilege to do so.

68. These Defendants lacked probable cause to arrest Joshua Pagan, X.P., and/or K.M.

69. Each of these Plaintiffs were conscious of his or her confinement and did not consent to it.

70. Defendants failed to intervene in each other's unlawful actions.

## SIXTH CLAIM FOR RELIEF

### False Imprisonment

### March 10, 2023 Incident

71. Plaintiffs repeat and reallege each and every allegation set forth above.

72. Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10 are liable to Joshua Pagan, X.P., and K.M. for false imprisonment in violation of the common law of the State of New York.

73. The City is liable to Mr. Pagan for the conduct of its employees Francis, Anghel, Kwong, and Jane and John Does 2 through 10 because they were acting within the scope of their employment during the incident on March 10, 2023.

## SEVENTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. - False Arrest

### March 10, 2023 Incident

74. Plaintiffs repeat and reallege each and every allegation set forth above.

75. Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10 are "covered individuals" as defined in N.Y.C. Admin. Code § 8-801.

76. These Defendants violated Plaintiffs Joshua Pagan's, X.P.'s, and K.M.'s rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Mr. Pagan, X.P., and K.M. without any privilege to do so.

77. These Defendants lacked probable cause to arrest Joshua Pagan, X.P., and/or K.M.

78. Each of these Plaintiffs were conscious of his or her confinement and did not consent to it.

79. Defendants failed to intervene in each other's unlawful actions.

80. As the employer of Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

# EIGHTH CLAIM FOR RELIEF

## N.Y.C. Admin. Code § 8-801 *et seq*. - Unlawful Entry

## March 10, 2023 Incident

81. Plaintiffs repeat and reallege each and every allegation set forth above.

82. Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10 are "covered individuals" as defined in N.Y.C. Admin. Code § 8-801.

83. These Defendants violated Plaintiffs' rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by entering Plaintiffs' home without consent, a warrant, or any circumstances justifying warrantless entry.

84. As the employer of Defendants Francis, Anghel, Kwong, and Jane and John Does 2 through 10, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a. For compensatory damages in an amount to be determined at trial;

b. For punitive damages to the extent allowable by law;

c. For costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988, N.Y.C. Admin. Code § 8-805, and the inherent powers of this Court;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other and further relief as this Court deems just and proper.

Dated: August 7, 2023
New York, NY

                                       THE FU FIRM PLLC

                                       By: */s/ Yan Fu*
                                             Yan Fu
                                             43 W. 43rd Street, Suite 205
                                             New York, NY 10036
                                             (212) 584-0581
                                             yfu@thefufirm.com
                                             *Counsel for Plaintiffs*